**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| MARJORIE KOHLBERG, individually and as Administrator of the Estate of Edmund Kohlberg, DAVID EIJADI, individually and as Trustee of the David Azziz Eijadi and Barbara Anne Eijadi Revocable Trust Dated May 27, 2015, THOMAS MCDOUGALL, individually and as Trustee of the Thomas G. McDougall Trust dated November 17, 2005, PETER D. OTTAVIO, individually and as Trustee of the Peter D. Ottavio Revocable Living Trust dated February 19, 2016, MELISSA LASSOR, MARY LOU JURKOWSKI, JASON STEINBOCK, and BETSY SEARS, all on behalf of Themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>-v.-<br><br>TOM BIRDSEY, LONG POINT CAPITAL, INC., LONG POINT CAPITAL FUND II, L.P., LONG POINT CAPITAL PARTNERS II, L.P., LONG POINT CAPITAL FUND III, L.P., LONG POINT CAPITAL PARTNERS III, L.P., IRA STARR, NORMAN SCHERR, ERIC VON STROH, and GREATBANC TRUST COMPANY,<br><br>*Defendants*. | Civil Action No.: 1:22-cv-03079<br><br>**NOTICE OF REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT (28 U.S.C. §§ 1332(d), 1441, 1446 AND 1453)**<br><br>(New York Supreme Court, County of New York, Index No. 651555/2022) |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants Long Point Capital, Inc., Long Point Capital Fund II, L.P., Long Point Capital Partners II, L.P., Long Point Capital Fund III, L.P., Long Point Capital Partners III, L.P., Ira Starr, Norman Scherr, and Eric Von Stroh though their undersigned counsel, respectfully notice removal of this action from the New York Supreme Court, County of New York, to the United

States District Court for the Southern District of New York, by filing this Notice of Removal with the Clerk of the United States District Court for the Southern District of New York.

Defendants, by and through their undersigned counsel, respectfully state the following as grounds for removal of this action:

## I.   BACKGROUND

1. On or about April 1, 2022, Plaintiffs Marjorie Kohlberg, individually and as Administrator of the Estate of Edmund Kohlberg, David Eijadi, individually and as Trustee of the David Azziz Eijadi and Barbara Anne Eijadi Revocable Trust Dated May 27, 2015, Thomas McDougall, individually and as Trustee of the Thomas G. McDougall Trust dated November 17, 2005, Peter D. Ottavio, individually and as Trustee of the Peter D. Ottavio Revocable Living Trust dated February 19, 2016, Melissa Lassor, Mary Lou Jurkowski, Jason Steinbock, and Betsy Sears, all on behalf of themselves and all others similarly situated, filed an action in the New York Supreme Court, County of New York, entitled *Kohlberg et al v. Birdsey et al*, which was assigned Index. No. 651555/2022 (the "State Court Action"). A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A.**

2. Plaintiffs purport to bring the State Court Action "on their own behalf and as a class action on behalf of all present redemption noteholders, Group 1 noteholders and Group 2 noteholders of [EYP Holdings, Inc. and EYP Group Holdings, Inc. (collectively, "EYP")] who did not culpably participate in the disloyal creation and implementation of the Defendants' [Employee Stock Ownership Plan ("ESOP")] scheme at EYP[.]" (Complaint ¶ 171).

## II.   THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA

3. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in pertinent part at 28 U.S.C. §§ 1332(d)

and 1453(b)) ("CAFA"), because: (i) the proposed putative class consists of at least 100 proposed class members; (ii) the citizenship of at least one proposed class member is different than the citizenship of at least one Defendant; and (iii) the amount in controversy, after aggregating the sum or value of each proposed class member's claim, exceeds $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(6).

      **A.**      **The Proposed Class Has At Least 100 Members.**

4. Plaintiffs allege that the Proposed Class consists of "all present redemption noteholders, Group 1 noteholders and Group 2 noteholders of EYP who did not culpably participate in the disloyal creation and implementation of the Defendants' ESOP scheme at EYP." (Complaint ¶ 171).

5. Based on examination of corporate records of EYP identifying "redemption noteholders, Group 1 noteholders and Group 2 noteholders of EYP", *id.*, who are not named defendants in the State Court Action, Defendants have determined that there are over 100 potential putative class members.

6. In addition, Plaintiffs previously brought a prior action in this Court, captioned *Kohlberg, et al. v. Birdsey, et al.*, No. 1:20-cv-06250. The complaint in that matter contained an identical class definition as the class definition in the State Court Action. *See, e.g.*, Am. Compl. ¶ 149, *Kohlberg, et al. v. Birdsey, et al.*, No. 1:20-cv-06250 (S.D.N.Y. Oct. 5, 2020) (ECF No. 72); *see also* 3d Am. Compl. ¶ 159, *Kohlberg, et al. v. Birdsey, et al.*, No. 1:20-cv-06250 (S.D.N.Y. Mar. 8, 2021) (ECF No. 97). Plaintiffs' counsel represented to the Court in that matter that the purported class consisted of "approximately 100 noteholders." Letter from A. Bowling to Hon. A. Carter, Oct. 5, 2020, at 1 (ECF No. 74).

7. These facts, at minimum, are "adequate to establish a reasonable probability that the number of the putative class is 100 or greater[.]" *See Cutrone v. Mortgage. Elec. Registration Sys., Inc.*, 749 F.3d 137, 148 (2d Cir. 2014).

### B. The Required Minimal Diversity of Citizenship Exists.

8. The Complaint alleges that each of Plaintiffs Marjorie Kohlberg, David Eijadi, Thomas McDougall, Melissa Lassor, Mary Lou Jurkowski, Jason Steinbock, and Betsy Sears is a resident of a state other than New York. (Complaint ¶¶ 31–33, 35–38).

9. The Complaint also alleges that Defendant Ira Starr is a resident of New York. (*Id.* ¶ 42).

10. Consequently, 28 U.S.C. § 1332(d)(2)'s requirement that "any member of a class of plaintiffs is a citizen of a State different from any defendant" is met.

### C. The Alleged Amount in Controversy Exceeds $5 Million.

11. Plaintiffs allege that Defendants "are liable to Plaintiffs for at least $44 million improperly paid and directed to Long Point's affiliates, $2.7 million paid for the benefit of Birdsey, and the opportunities lost by not consummating a sale to Stantec or other market-value strategic transaction in connection with a fair process and price for minority shareholders." (*Id.* ¶ 27).

12. Accepting Plaintiffs' allegations solely for purposes of evaluating the amount in controversy, the amount in controversy exceeds the $5 million requirement of 28 U.S.C. § 1332(d)(2) and (d)(6).

## II. THE OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

13. This notice of removal is timely. Defendants have not been served with a copy of the Summons and Complaint in the State Court Action. 28 U.S.C. § 1441 permits removal before a Defendant has been served with process. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019).

14. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the State Action is pending.

15. Pursuant to 28 U.S.C. § 1453, removal is proper without regard to whether any defendant is a citizen of the State in which the State Court Action was brought, and without regard to whether any other defendant consents to removal.

16. By filing this Notice, Defendants do not waive any defenses that may be available to them and any objections to whether this action properly can be maintained as a class action, and Defendants reserve the right to amend or supplement this Notice.

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiffs and a copy of this Notice will be filed with the Clerk of the New York Supreme Court, County of New York, promptly after the filing of this Notice with this Court.

**WHEREFORE**, Defendant respectfully prays that the action proceed in this Court as a matter properly removed thereto.

Dated: New York, New York
      April 13, 2022

                                COVINGTON & BURLING LLP

                                By: */s/ Jonathan M. Sperling*
                                    Jonathan M. Sperling

Jonathan M. Sperling
Christopher Y. L. Yeung
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000
jsperling@cov.com
cyeung@cov.com

*Attorneys for Defendants Long Point Capital, Inc., Long Point Capital Fund II, L.P., Long Point Capital Partners II, L.P., Long Point Capital Fund III, L.P., Long Point Capital Partners III, L.P., Ira Starr, Norman Scherr, and Eric Von Stroh*

6